## BENJAMIN NOYES *vs.* JOHN H. BENHAM AND ANOTHER.

A store was hired by *B* and *N* jointly at an agreed rent for two years, the father of each guaranteeing his son's contract for the rent. The lessees went into occupancy, and, in accordance with their purpose in hiring the store together, divided the floor between them, each railing off and occupying separately his portion. Each leased desk room within his enclosure and received the rent, but *B* received a larger amount than *N*. Held that the rents thus received from sub-tenants were received to their separate use, and that *B* was not liable to account to *N* for the excess of rents received by him.

*B* used the rents received by him in payment of his share of the rent upon the joint lease, leaving a portion of *N's* share unpaid. Held that, if the money had been received by *B* to their joint use, yet that, as it was so received with *N's* consent and without any condition as to the use to be made of it, its application by *B* to his portion of the rent would merely leave *B* indebted to *N* for the latter's share of the money, and would not give to *N's* guarantor either a right to recover such share of *B* or a right to a contribution from *B's* guarantor.

ASSUMPSIT for money had and received; brought to the Court of Common Pleas of New Haven County and tried to the court on the general issue before *Stoddard, J.* Facts found and judgment rendered for the defendants, and motion in error by the plaintiff.   The case is sufficiently stated in the opinion.

*A. H. Robertson,* for the plaintiff.

*C. S. Hamilton,* for the defendants.

PARDEE, J.   From the finding of facts made by the court below we learn that George A. Basserman leased a store in New Haven to Leonard W. Benham and John B. Noyes, jointly, for the term of two years from May 1st, 1873, the lessees covenanting to pay as rent therefor $1,600 for the first and $1,800 for the second year, in equal quarterly payments. The said Noyes is a son of the plaintiff, and the said Benham is one of the defendants and a son of the other.   Upon the day of the date of the lease the plaintiff executed and delivered to the lessor the following writing appended to the lease: "For and in consideration of the letting of the premises above described, and for value received, I guarantee the punctual payment of the rent and the covenants in the above agreement mentioned to be paid and performed by the said John B. Noyes, without requiring any notice of non-payment or non-performance or proof of notice or demand being made whereby to charge me therefor.   Dated at New Haven, this 25th day of March, 1873.   (Signed) B. Noyes."   And upon the same day the defendant John H. Benham executed and delivered to the lessor the following writing, likewise appended to the lease: "For and in consideration of the letting of the premises above described, and for value received, I guarantee the punctual payment of the rent and performance of the covenants in the above agreement mentioned, to be paid and performed by the said Leonard Benham, without any notice of non-payment or non-performance or proof of notice or demand being made whereby to charge me therefor.   Dated

at New Haven this 25th day of March, 1873. (Signed) John H. Benham."

Each of the lessees intended to have in the store an office for the transaction of his individual business and to occupy solely a designated portion thereof for that purpose, and at the commencement of the term the lessee Benham railed off a part of the front of the store at his own expense and took and maintained exclusive possession of the enclosure; and at the same time the lessee Noyes railed off at his own expense the rear portion and took and maintained exclusive possession thereof. During the year 1873 the lessee Benham rented desk-room within his enclosure to one Chapman, reserving a rent of $125 per quarter. The first quarterly payment under this sub-lease became due on August 1st, 1873, and was wholly claimed by Benham, but in fact was paid half to him and half to his co-lessee Noyes; the final application of which payment is not disclosed. All subsequent payments by Chapman were made wholly to Benham, or to his father. The said L. W. Benham remained in possession of the part of the store enclosed by himself to the end of the term, either in person or by a second sub-tenant, one McAlister, to whom the said John H. Benham made a lease, with the lessor's consent, extending from May 1st, 1874, to May 1st, 1875, reserving rent to himself to be paid monthly at the rate of $900 for the year. One-half of the rent for the entire term has been paid by L. W. Benham and his father John H. Benham to the lessor Basserman, who executed and delivered to the father, upon final payment being made, the following receipt:— "$225. May 12, 1875. Received, New Haven, Conn., of John H. Benham, two hundred and twenty-five dollars, being in full for balance of rent for one part of store No. 74 Church Street, the same being in full of all demands to date. The whole to May 1st, 1875. (Signed) Geo. A. Basserman." The said John H. Benham paid to the lessor $200 more than had been received from the sub-tenants Chapman and McAlister.

From the commencement of the term on May 1st, 1873, to about July 1st, 1874, the rear portion of the store was used at times by the said John B. Noyes alone, at times by him

and his father, the plaintiff, together, and at times by other persons to whom they had sub-let it. On or about the last named date the plaintiff and his son left the store, the former posting upon the door thereof the following notice: "The rear part of the within store to rent. Inquire of B. Noyes." This portion of the store was not thereafter leased by him, or any one else, but remained unoccupied to the end of the term. The total amount paid to the lessor upon this rear portion of the store for the two years by the plaintiff and his son and by their sub-tenants, is about one thousand dollars, and there remained due and unpaid thereon at the date of the finding about $700. The plaintiff brought this action of assumpsit against the defendants returnable before the Court of Common Pleas for the county of New Haven at the May Term, 1875, and filed the following bill of particulars:

"John H. Benham and Leonard W. Benham—To Benjamin Noyes, Dr. To rent collected for him on store No. 74 Church Street, from April 1st, 1874, to May 1st, 1875, $600; interest from May 1st, 1875, $60=$660.

Upon this, he asked the court to hold that he was entitled to recover from the defendant John H. Benham one-half of the rent which he received from McAlister, but the court refused so to hold, and rendered judgment for the defendants. Of this the plaintiff complains, and has filed his motion in error.

We think that he is not entitled to a judgment in his favor; for, although the lease from Basserman was in form to L. W. Benham and J. B. Noyes jointly, yet as between themselves they could by mutual agreement sever in the use and occupation of the premises, and take, each for himself, exclusive possession of a definitely marked portion for the term; and the plain import of the finding is that they did make such an agreement, and the judgment of the court below simply declares the legal effect which must follow the making and execution thereof. The guarantors recognized it, and severed in their efforts to protect their individual liability; the plaintiff took possession of the rear portion and notified all persons desiring to hire the same to make application to himself. The

legal effect of the arrangement which all parties joined in carrying into execution to the end of the term is to free the rent paid by Chapman and McAlister to the defendants from the burden of making contribution to any deficiency of income from the rear portion.

Again, if J. B. Noyes and L. W. Benham made no division of their interests and a joint-tenancy existed during the term, the rent paid by Chapman and McAlister belonged to them equally; if more than half of it was paid to the latter with the consent of the former without the imposition of any condition as to its use, then Benham could pay it to the lessor and cause the payment to be applied in diminution of his own liability as tenant and that of his father as guarantor; he would simply become debtor to J. B. Noyes for the surplus, which indebtedness the latter could enforce in a proper action. We do not perceive that under such circumstances B. Noyes, even by virtue of his position as guarantor for his son, would have any greater right to subject one or both of the defendants to the law of contribution by reason of this possession and application of money, than he would have to apply the same process to them by reason of their reception of money from his son in the form of a simple loan; for there had been no such pledge, general or special, of the rent money to the lessor, before it went into the hands of L. W. Benham, by the lessees, either for the protection of their own or of the guarantor's liability, as would make it security therefor in a legal sense. And conceding that each guaranteed that his son should pay the whole rent reserved in the lease, seeing that Benham has paid one-half of it from a fund not previously dedicated to this special use, that half of Noyes's liability was thereby extinguished, and that he has not paid the other half, there would seem to be little equity in compelling the former to refund the McAlister rent to Noyes.

The principal question between the parties is whether the rents received from McAlister were received to the separate use of Benham or to the joint use of Benham and Noyes. As our view of this question necessarily disposes of the case, whoever might be parties to the suit, we have not considered

an objection made by the defendants to the plaintiff's right to sue, nor the question whether the defendants would be jointly liable.

There is no error in the judgment complained of.

In this opinion the other judges concurred.